UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

This document relates to:
*Covington v. Davol, Inc. et al.*
Case No. 2:19-cv-1361
and
*Covington v. C.R. Bard, Inc. et al.*
Case No. 2:22-cv-1806

## ORDER

Plaintiff Joyce Covington filed a complaint on April 11, 2019, asserting various claims against Defendants Davol, Inc., and C.R. Bard, Inc. related to two of Defendants' products, the Composix E/X and the 3DMax Light Mesh. (Case No. 19-cv-1361, ECF No. 1.) Plaintiff filed a new complaint with different counsel on March 28, 2022, asserting various claims against Defendants related to the Composix E/X and the Phasix. (Case No. 22-cv-1806, ECF No. 1.) This matter is before the Court on Defendants' Motion to Consolidate (Case No. 19-cv-1361, ECF No. 6; Case No. 22-cv-1806, ECF No. 3, hereinafter "Defs. Motion.") Defendants seek to consolidate these two cases under Federal Rule of Civil Procedure 42(a). Rule 42(a) states:

> (a) If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Defendants contacted Plaintiff's counsel in Case No. 22-cv-1806 regarding the earlier filed case. (Defs. Motion at 1–2.) Plaintiff's counsel responded that because there are different devices involved, Plaintiff would not be dismissing Case No. 22-cv-1806. (Defs. Motion,

Exhibit A.)  Both cases raise claims regarding the Composix E/X, while Case No. 19-cv-1361 also asserts claims related to the 3DMax Light Mesh, a polypropylene mesh included in the scope of this MDL[1], and Case No. 22-cv-1806 asserts claims related to the Phasix, a non-polypropylene mesh not included in the scope of this MDL (Defs. Motion at 2).

Plaintiff's counsel indicated to Defendants that Plaintiff did not intend to dismiss Case No. 22-cv-1806 (Defs. Motion, Exhibit A) and Defendants have not filed a motion to dismiss. However, Plaintiff did not respond to Defendants' Motion to Consolidate in either case.  Therefore, the Court will treat the Motion to Consolidate as unopposed.  Both complaints appear to bring claims related to Plaintiff's August 2005 Composix E/X implant, and therefore involve a common question of law or fact pursuant to Rule 42(a).  Therefore, Defendants' Motion to Consolidate is **GRANTED**.

**IT IS SO ORDERED.**

**3/2/2023**                                              **s/Edmund A. Sargus, Jr.**
**DATE**                                                   **EDMUND A. SARGUS, JR.**
                                                                      **UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff checked the box to indicate that she was bringing a claim regarding the Ventralex Hernia Patch, but this appears to be in error; she did not provide a date for the surgery nor check the box indicating that the Ventralex had been implanted.